IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
BRUCE HUDGINS,                      )
                                    )   2:11-cv-01518-GEB-GGH
          Plaintiff,                )
                                    )
     v.                             )   ORDER TO SHOW CAUSE AND
                                    )   CONTINUING STATUS (PRETRIAL
PORTFOLIO RECOVERY ASSOCIATES,      )   SCHEDULING) CONFERENCE
LLC, and DOES 1-10, inclusive,      )
                                    )
          Defendant.                )
_____    )
```

The June 6, 2011, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on October 3, 2011, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The June 6, 2011 Order further required that a status report be filed regardless of whether a joint status report could be procured. No status report was filed as ordered.

Therefore, Plaintiff and Defendant are Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on October 3, 2011, why sanctions should not be imposed against them and/or their counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether the parties or their counsel is at fault, and whether a

1

hearing is requested on the OSC.[1] If a hearing is requested, it will be held on October 31, 2011, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen (14) days prior to the status conference.

        IT IS SO ORDERED.

Dated:  September 20, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2